

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2016 OCT -5  PM 1:44
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB ZACHARIAH (1),<br>JEREMIE BAZOR (2),<br>BRIAN HORNE (3),<br>DONALD HORNE (4),<br>RYAN TRAMBLE (5),<br>DENNY JOSEPH (6),<br>RICHARD JOSEPH (7),<br>DAVID AQUINO (8),<br>ROCKIO BOUBON (9),<br>ROBERT WIRTH (10),<br>MATHEW VALANZUELA (11),<br><br>Defendants | SA16CR0694XR<br>INDICTMENT<br><br>[▶Vio: 21 U.S.C. § 846:<br>Conspiracy to Possess with<br>intent to Distribute 50<br>Kilograms or more of<br>Marijuana;<br>▶Vio: 21 U.S.C. § 841(a)(1):<br>Possession with Intent to<br>Distribute 50 Kilograms or<br>more of Marijuana.] |

**THE GRAND JURY CHARGES:**

COUNT ONE
[21 U.S.C. § 846
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That beginning on or about January, 2015, the exact date unknown to the Grand Jury, and continuing until the date of this indictment, in the Western District of Texas, the Northern District of California, and divers other places, Defendants,

JACOB ZACHARIAH (1),
JEREMIE BAZOR (2),
BRIAN HORNE (3),

1

>DONALD HORNE (4),
>RYAN TRAMBLE (5),
>DENNY JOSEPH (6),
>RICHARD JOSEPH (7),
>DAVID AQUINO (8),
>ROCKIO BOUBON (9),
>ROBERT WIRTH (10),
>MATHEW VALANZUELA (11),

and others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together and with one another to distribute and possess with intent to distribute a controlled substance, which offense involved Fifty kilograms or more of Marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C).

## COUNT TWO
[U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about September 12, 2016, in the Western District of Texas, Defendants,

>JACOB ZACHARIAH (1),
>DENNY JOSEPH (6),
>DAVID AQUINO (8),
>ROBERT WIRTH (10),
>MATHEW VALANZUELA (11),

did unlawfully, knowingly, and intentionally possess with intent to distribute a controlled substance, which offense involved fifty kilograms or more of Marijuana, ,a Schedule I

Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraphs II- IV.

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846 subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the properties described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
>> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

### II.
### Properties

a.) Promissory Installment Note for $350,000.00, dated April 27, 2015, for the Real Property located and situated at **440 Ellen Lynn Rd, Redwood Valley, California 95470, Mendocino County**, with all buildings, appurtenances, and improvements, thereon, more fully described as Lot 2 as numbered and designated on the map entitled "unit one, Las Brisas Subdivision" filed for record on August 23, 1967 in map case 2, Drawer 9, page 32, Mendocino County Records; and

b.) Real Property located and situated at **440 Ellen Lynn Rd, Redwood Valley, California 95470, Mendocino County**, with all buildings, appurtenances, and improvements, thereon, more fully described as Lot 2 as numbered and designated on the map entitled "unit one, Las Brisas Subdivision" filed for record on August 23, 1967 in map case 2, Drawer 9, page 32, Mendocino County Records; and

c.) Promissory Installment Note for $150,000.00, dated August 10, 2016, for the Real Property located and situated at **13071 Tomki Rd, Redwood Valley, California 95470, Mendocino County,** with all building, appurtenances, and improvements, thereon, more fully described as Lot 9, as numbered and designed upon the map of Tract 151, Mountain River Ranch Subdivision filed July 26, 1972 in Map Case 2, Drawer 18, Page 8, Mendocino County Records. Excepting therefrom "50%" of any royalties or similar payments or other compensation accruing to the grantee, its heirs, successors and assigns resulting from the production, recover, sale or removal of oils, gases, mineral (excluding clays, sand or gravel from said property, provided however, that the grantors, their heirs, successors and assigns reserve no right to enter upon said property or otherwise deal with said oils, gases, minerals, clays, sand or gravel" as excepted in the Deed from Mahlon K. Jordon by executors recorded April 10, 1969 in Book 789 Official Records, page 63, Mendocino County Records.

### III.
### Money Judgment

**Money Judgment**: A sum of money representing proceeds obtained directly or indirectly as a result of the violations set forth in Counts One and Two, for which Defendants are jointly and severally liable.

### IV.
### Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of Defendants:

a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;
  c.  has been placed beyond the jurisdiction of the court;
  d.  has been substantially diminished in value; or
  e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL,

_____
FOREPERSON OF GRAND JURY

RICHARD DURBIN, JR.
UNITED STATES ATTORNEY

By: _____
SAM L. PONDER
Assistant United States Attorney